UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 18-074-DCR |
| ) | |
| V. ) | |
| ) | |
| ELIEZER ALBERTO JIMENEZ, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Eliezer Jimenez was arrested on February 21, 2019, in the District of Minnesota on an arrest warrant issued in the Eastern District of Kentucky. A detention hearing was held before United States Magistrate Judge Steven E. Rau in the District of Minnesota. Magistrate Judge Rau ordered that Jimenez be released pending the resolution of his case. [Record No. 55-5] The United States then filed a motion for the revocation of the release order. [Record No. 52] The release order was suspended by the undersigned and Jimenez was transferred from the District of Minnesota to this district. Because the § 3142 factors weigh in favor of detaining the defendant pending the resolution of the case, the government's motion to revoke Magistrate Judge Rau's detention order will be granted.

**I.**

Jimenez was charged with knowingly conducting and attempting to conduct a financial transaction affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1956.[1]  A

---

[1] The bond report states that Jimenez was charged in Count 1 for conspiring to distribute a controlled substance under 21 U.S.C. § 963. However, the superseding indictment does not charge

- 1 -

detention hearing was held in front of Magistrate Judge Rau on February 26, 2019, in the District of Minnesota. [Record No. 55-5] The United States sought detention and transport to the Eastern District of Kentucky based on the defendant's prior deportation and potential risk of non-appearance. The magistrate judge released the defendant pending the disposition of the case and placed him on home detention. [Record No. 55-6, p. 3] Magistrate Judge Rau also imposed a $25,000.00 unsecured bond. [Record No. 55-7] The United States sought a stay of the release order pending review by this Court, which was granted for 24-hours. The United States filed a motion for revocation of the release order in this district pursuant to 18 U.S.C. § 3145(a)(1) because it believes the defendant is a flight risk. [Record No. 52] United States Probation Officer Chad Moss agrees with the recommendation of detention contained in the bond report prepared by the United States Probation Office in the District of Minnesota.

Jimenez reported that he was born in Mexico and moved to Arizona with his mother when he was 11 years' of age. He later moved to Minnesota and resided there with his wife and two children. He has a child from a previous marriage who also resides in Minnesota.

Jimenez claims he was granted asylum in 2015 and cannot return to Mexico. However, the U.S. Immigration and Customs Enforcement indicated that the defendant was not granted asylum and is on supervision pending deportation. A U.S. Deportation Officer verified the defendant will be removed to Mexico should he be released pending further proceedings. During the hearing held on this date, counsel for the defendant requested additional time to address Jimenez's alien status. However, that request was denied, with the understanding that

---

Jimenez in Count 1. [Record No. 14] He was only charged in Count 2 with violating 18 U.S.C. § 1956. Thus, this is not a presumption case.

the Court would not assume he is subject to an immigration detainer – and would not be detained and/or removed from the United States if released.

Jimenez reported that he is self-employed as a remodeler, but his employment cannot be verified and his wife has indicated that he has been unemployed since December 2017.

The defendant has a lengthy criminal history, including convictions for domestic assault and felony possession of cocaine. He also has thirteen instances of failing to appear for court hearings and three instances of violating conditions of supervision. Many of his charges are for driving without a license, no proof of insurance, and driving after suspension.

The bond report lists several reasons that the defendant poses a risk of non-appearance, including: (i) the offense charged, (ii) lack of ties to the district, (iii) his criminal history that includes a record of failing to appear when ordered, (iv) his criminal activity while under supervision, (v) his lack of verifiable, legitimate employment, (vi) his lack of compliance with supervision, and (vii) his ties to a foreign country. The bond report also notes that the defendant poses a risk of danger due to: (i) the nature of the instant offense, (ii) his prior arrests and convictions, (iii) his history of violent behavior, (iv) his lack of supervision compliance, (v) his criminal activity while on supervision, (vi) his history of domestic violence, and (vii) a pattern of similar criminal activity history. Based on these factors, the Probation Officer in Minnesota concluded that there are no conditions or combination of conditions which exist that would ensure the defendant's appearance at future court proceedings. Magistrate Judge Rau, however, disagreed with the probation officer's well-supported analysis.

## II.

If a defendant is ordered to be released by a magistrate judge, "an attorney for the government may file, with the court having original jurisdiction over the offense, a motion for

revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145. A defendant may be held pending the resolution of his case only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The default position . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The United States must prove that no conditions of release can ensure the safety of the community and the defendant's appearance in Court. *Id.* Further, it must demonstrate the defendant's risk of non-appearance based on a preponderance of the evidence. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Curry,* 2006 U.S. Dist. LEXIS 49661 *1, *16 (E.D. Ky. 2006).

The factors the Court considers in deciding whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g). They are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry

> into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). "Consideration of these factors shall not be construed to modify or limit the presumption of innocence." *Stone,* 608 F.3d 939 at 946; 18 U.S.C. § 3142(j).

The nature and circumstances of the offense charged weigh in favor of revoking the defendant's conditions of release because the defendant's charges likely arise as part of a larger drug trafficking scheme. 18 U.S.C. § 3142(g)(1). The United States provided witness testimony that the defendant's charges were a part of a larger organized drug related offense in a co-defendant's detention hearing. [Record No. 11] Further, the indictment charged Jimenez with knowingly conducting or attempting to conduct a financial transaction involving the proceeds of drug trafficking. [Record No. 14] Accordingly, the nature and circumstances of the offense charged weigh in favor of detention.

Next, the Court evaluates the weight of the evidence against Jimenez "in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *Hazime*, 762 F.2d at 37; 18 U.S.C. § 3142(g)(2). Here, there is substantial evidence indicating that Jimenez would not appear. This includes his multiple failures to appear, lack of ties to this district, inability to comply with court supervision, and ties to Mexico. Thus, the evidence regarding the defendant's risk of non-appearance weighs in favor of revoking his release order.

Jimenez's history and characteristics also favor detention. 18 U.S.C. § 3142(g)(3). Jimenez does not have financial, community, family, or employment ties to the Eastern District of Kentucky. He moved to the United States when he was 11, but still has family in Mexico.

His family in the United States live in Minnesota and Arizona and he was residing there prior to his arrest.  Further, the defendant does not have any financial ties or employment ties to the Eastern District of Kentucky.  While Jimenez's employment could not be verified by the Probation Office, his wife indicated that he has been unemployed for over a year.  Further, the defendant has a lengthy criminal history (albeit most of which involves driving without a license or on a suspended license).  Additionally, the defendant has repeatedly failed to appear for court and has violated conditions of supervision previously.  He also has a previous conviction for felony drug possession.  Further, Jimenez was previously removed from the United States.  [Record No. 52-2]

Finally, the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  The defendant has convictions for violent offenses, including domestic violence and felony drug possession, and his current charge of money laundering is within the greater context of a drug distribution scheme.  This factor weighs in favor of revoking the release order.[2]

### III.

All relevant § 3142 factors weigh in favor of detaining the defendant before trial because he poses a risk of non-appearance.  The Court concludes that there are no conditions of release that would reasonably assure the defendant's appearance for further proceedings.  Accordingly, it is hereby

---

[2]   While a higher burden of proof is required when assessing danger versus risk of non-appearance, the Court concludes that the government has established, by clear and convincing evidence, that the defendant should be detained due to his risk of non-appearance *and* danger to the public.  As outlined above, the Court does not consider Jimenez possible illegal immigration status in making either assessment.

**ORDERED** as follows:

1. The United States' Motion to Revoke the Release Order [Record No. 52] is **GRANTED.**

2. Defendant Eliezer Jimenez is ordered **DETAINED** pending trial and subject to intervening orders of the Court.

Dated: April 5, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge