UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ELIEZER ALBERTO JIMENEZ, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Eliezer Jimenez pleaded guilty to conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). [Record No. 116] On October 18, 2019, he was sentenced to 87 months' imprisonment, based on a total offense level of 25 and criminal history category of III, which produced an advisory guidelines range of 78 to 87 months' imprisonment. [Record No. 145] His sentence also included a three-year term of supervised release.

However, Amendment 821 to the United States Sentencing Guidelines (Part A) now eliminates the imposition of "status points" for defendants like Jimenez who have six or fewer criminal history points. *See* U.S.S.G. § 4A1.1 (Nov. 1, 2023). Pursuant to the guidelines amendment, which may apply retroactively, Jimenez's recalculated guidelines range is 63 to 78 months' imprisonment.[1] *See* U.S.S.G. Ch. 5, Part A; 18 U.S.C. § 2252(b)(1).

The Court directed the United States to respond to the questions of whether -- and to what extent -- Jimenez should be granted a sentence reduction based on application of Amendment 821. [Record No. 266] The United States agrees that Jimenez is eligible for a

---

[1] Eliminating Jimenez' status points reduce his criminal history category from III to II.

sentence reduction limited to a term not less than the minimum of the amended guideline range—63 months. *See* U.S.S.G. §1B1.10(b)(2)(A). The United States contends that Jimenez was sentenced at the top of the guideline range and that a reduced sentence at the top of the revised guideline range is appropriate given the nature and circumstances of the offense of conviction. [Record No. 267]

Jimenez notes in his reply that he "agrees mostly" with the United States' assessment but argues that the sentence would be further reduced had he not been assessed a criminal history point for a Minnesota conviction, which was subsequently vacated. [Record No. 268] Jimenez previously brought this issue to the Sixth Circuit on appeal of this Court's ruling in an earlier § 2255 judgment. However, the Sixth Circuit upheld the imposition of the challenged criminal history point, so the undersigned will not reconsider this argument. [*See* Record No. 248] Further, the Court agrees with the United States' assessment and finds that the recommended reduction to 78 months' incarceration is sufficient but no longer than necessary to satisfy the purposes set forth in 18 U.S.C. § 3553(a).[2]

Accordingly, it is hereby

**ORDERED** as follows:

1.  Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, Defendant Eliezer Jimenez's custodial sentence is **REDUCED** to a term of 78 months' imprisonment. All other aspects of the original sentence remain in place.

---

[2] Defendants who are granted sentence reductions under Amendment 821 may not be released from custody earlier than February 1, 2024.

- 3 -

      2.      The defendant **may not** be released from Bureau of Prisons custody prior to **February 1, 2024**, even if the reduced sentence outlined above would otherwise provide for such release.

      3.      An Amended Judgment (AO247) will be entered contemporaneously with this Memorandum Order.

      Dated: January 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky